**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1757

WILLIAM M. CONRAD,

                Plaintiff – Appellant,

        v.

CSX TRANSPORTATION, INCORPORATED, c/o Corporation Creation
Network, Inc.,

                Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Marvin J. Garbis, Senior District
Judge.  (1:14-cv-00051-MJG)

Submitted:  December 22, 2015        Decided:  February 16, 2016

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence A. Katz, COFFEY KAYE MYERS & OLLEY, Bala Cynwyd,
Pennsylvania, for Appellant.   Amy E. Askew, Catherine Mary
Manofsky, KRAMON & GRAHAM, PA, Baltimore, Maryland; Evan M.
Tager, Carl J. Summers, MAYER BROWN LLP, Washington, D.C., for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William M. Conrad appeals from the district court's order granting summary judgment to Defendant CSX Transportation, Inc. (CSX) in Conrad's suit under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 to 60 (2012). Conrad alleged CSX was negligent in numerous ways relating to his fall over a barrier at a railway yard. On appeal, Conrad argues that the district court erred in determining that he did not present a prima facie case of negligence. Finding no error, we affirm.

This court reviews a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Seremeth v. Bd. of Cty. Comm'rs Frederick Cty., 673 F.3d 333, 336 (4th Cir. 2012). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc.,, 477 U.S. 242, 251-52 (1986). To withstand a summary judgment motion, the nonmoving party must produce competent evidence sufficient to reveal the existence of a

2

genuine issue of material fact for trial. Fed. R. Civ. P. 56(c)(1).

We have reviewed the record, briefs, and applicable case law on this matter. Our careful review persuades us that the district court's ruling was correct. See Conrad v. CSX Transp. No. 1:14-cv-00051-MJG (D. Md. filed June 16 & entered June 17, 2015; and filed June 24 & entered June 25, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED